**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKHAWK MINING LLC, | ) | Case No. 19-11595 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-2885600 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKHAWK COAL SALES, LLC, | ) | Case No. 19-11594 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4889456 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKHAWK LAND AND RESOURCES, LLC, | ) | Case No. 19-11597(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4877839 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKHAWK RIVER LOGISTICS, LLC, | ) | Case No. 19-11599 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4803388 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLUE CREEK MINING, LLC, | ) | Case No. 19-11600 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4862427 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BLUE DIAMOND MINING, LLC, | ) | Case No. 19-11602 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 61-1743488 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| EAGLE SHIELD, LLC, | ) | Case No. 19-11604 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 47-5036721 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| FCDC COAL, INC., | ) | Case No. 19-11606 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 30-0446188 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| GUYANDOTTE MINING, LLC, | ) | Case No. 19-11608 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 47-4814882 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| HAMPDEN COAL, LLC, | ) | Case No. 19-11610 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 30-0838241 | ) |  |

2

|  |  |
|---|---|
| In re: | Chapter 11 |
| KANAWHA EAGLE MINING, LLC, | Case No. 19-11612 (___) |
| Debtor. | |
| Tax I.D. No. 47-4710586 | |
| In re: | Chapter 11 |
| LOGAN & KANAWHA, LLC, | Case No. 19-11596 (___) |
| Debtor. | |
| Tax I.D. No. 37-1763178 | |
| In re: | Chapter 11 |
| PANTHER CREEK MINING, LLC, | Case No. 19-11598 (___) |
| Debtor. | |
| Tax I.D. No. 47-4850627 | |
| In re: | Chapter 11 |
| PINE BRANCH LAND, LLC, | Case No. 19-11601 (___) |
| Debtor. | |
| Tax I.D. No. 20-1679661 | |
| In re: | Chapter 11 |
| PINE BRANCH MINING, LLC, | Case No. 19-11603 (___) |
| Debtor. | |
| Tax I.D. No. 38-3879681 | |

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PINE BRANCH RESOURCES, LLC, | ) Case No. 19-11605 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-1619758 | ) |
| In re: | ) Chapter 11 |
| | ) |
| REDHAWK MINING, LLC, | ) Case No. 19-11607 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 27-3670852 | ) |
| In re: | ) Chapter 11 |
| | ) |
| ROCKWELL MINING, LLC | ) Case No. 19-11609 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 47-4843874 | ) |
| In re: | ) Chapter 11 |
| | ) |
| SPRUCE PINE LAND COMPANY, | ) Case No. 19-11611 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 61-6032254 | ) |
| In re: | ) Chapter 11 |
| | ) |
| SPURLOCK MINING, LLC, | ) Case No. 19-11613 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 47-3572899 | ) |

4

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIAD MINING, LLC, | ) | Case No. 19-11614 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 38-3937713 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TRIAD TRUCKING, LLC, | ) | Case No. 19-11615 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3556112 | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN
## ORDER (I) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:[1]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief.  The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Blackhawk Mining LLC (the parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

---

[1]      The facts and circumstances supporting this motion are set forth in the *Declaration of Jesse M. Parrish, Chief Financial Officer of Blackhawk Mining LLC, in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously with this motion and incorporated by reference herein. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the First Day Declaration.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BLACKHAWK MINING LLC, *et al.*,[1] | ) | Case No. 19-11595 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Blackhawk Mining LLC (5600); Blackhawk Coal Sales, LLC (9456); Blackhawk Land and Resources, LLC (7839); Blackhawk River Logistics, LLC (3388); Blue Creek Mining, LLC (2427); Blue Diamond Mining, LLC (3488); Eagle Shield, LLC (6721); FCDC Coal, Inc. (6188); Guyandotte Mining, LLC (4882); Hampden Coal, LLC (8241); Kanawha Eagle Mining, LLC (0586); Logan & Kanawha, LLC (3178); Panther Creek Mining, LLC (0627); Pine Branch Land, LLC (9661); Pine Branch Mining, LLC (9681); Pine Branch Resources, LLC (9758); Redhawk Mining, LLC (0852); Rockwell Mining, LLC (3874); Spruce Pine Land Company (2254); Spurlock Mining, LLC (2899); Triad Mining, LLC (7713); and Triad Trucking, LLC (6112).  The location of the Debtors' service address in these chapter 11 cases is 3228 Summit Square Place, Suite 180, Lexington, Kentucky 40509.

2.    The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3.    The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Blackhawk Mining LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Blackhawk Mining LLC, Case No. 19-11595 (___); Blackhawk Coal Sales, LLC, Case No. 19-11594 (___); Blackhawk Land and Resources, LLC, Case No. 19-11597 (___); Blackhawk River Logistics, LLC, Case No. 19-11599 (___); Blue Creek Mining, LLC, Case No. 19-11600 (___); Blue Diamond Mining, LLC, Case No. 19-11602 (___); Eagle Shield, Case No. 19-11604 (___); FCDC Coal, Inc., Case No. 19-11606 (___); Guyandotte Mining, LLC, Case No. 19-11608 (___); Hampden Coal, LLC, Case No. 19-11610 (___);

Kanawha Eagle Mining, LLC, Case No. 19-11612 (___); Logan & Kanawha, LLC, Case No. 19-11596 (___); Panther Creek Mining, LLC, Case No. 19-11598 (___); Pine Branch Land, LLC, Case No. 19-11601 (___); Pine Branch Mining, LLC, Case No. 19-11603 (___); Pine Branch Resources, LLC, Case No. 19-11605 (___); Redhawk Mining, LLC, Case No. 19-11607 (___); Rockwell Mining, LLC, Case No. 19-11609 (___); Spruce Pine Land Company, Case No. 19-1611 (___); Spurlock Mining, LLC, Case No. 19-11613 (___); Triad Mining, LLC, Case No. 19-11614 (___); Triad Trucking, LLC, Case No. 19-11615 (___);. The docket in Case No. 19-11595 should be consulted for all matters affecting this case.

## Jurisdiction and Venue

4.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.     The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rules 1015-1 and 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

6.     The Debtors are a privately-owned coal producer operating predominantly in the Central Appalachian Basin of the United States and are a leading producer of metallurgical coal in the United States.  The Debtors were founded in 2010 and are headquartered in Lexington, Kentucky.  The Debtors' operations have steadily grown from a single mining complex to ten

active complexes employing approximately 2,800 employees.    The Debtors control approximately 1.37 billion tons of proven and probable coal reserves—over 55% of which are associated with its metallurgical coal segment—and approximately 0.8 billion tons of additional resources.  The Debtors sell their coal production domestically and internationally to a diverse set of end markets, such as steel producers, regulated utilities, and commodity trading houses.  The Debtors' revenue for the twelve-month period that ended December 31, 2018, was approximately $1.097 billion.   As of the date hereof (the "Petition Date"), the Debtors have approximately $1.09 billion in funded debt.

7.    The Debtors commenced these chapter 11 cases to implement their comprehensive, prepackaged plan of reorganization (the "Plan"), a copy of which has been filed contemporaneously herewith.  The Plan is the result of extensive negotiations between the Debtors, their first lien lenders, and their second lien lenders, who have agreed on a comprehensive balance sheet restructuring that will reduce the Debtors' debt burden and increase liquidity.  More than 90 percent of their first and second lien lenders and more than 80 percent of their equity holders have documented their support for the Plan and the Debtors' chapter 11 cases through a restructuring support agreement (the "RSA").  Under the Plan, the Debtors will equitize all of their approximately $318 million of second lien debt and approximately $350 million of their first lien debt, eliminating a significant portion of the Debtors' debt load, and will provide their first lien lenders with take-back debt on more company-favorable terms.  Importantly, the Plan also contemplates that allowed general unsecured claims will remain unimpaired and "ride through" these chapter 11 cases.

8.    On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their

KE 60186074
IMPAC 6315568v.1

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Basis for Relief**

9.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The 22 Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See*, *e.g.*, *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 7, 2019) (directing joint administration of chapter 11 cases); *In re ATD Corp.*, No. 18-12221 (KJC) (Bankr. D. Del Oct. 5, 2018) (same); *In re VER Technologies Holdco LLC*, No. 18-10834 (KG)

9

(Bankr. D. Del. Apr. 6, 2018); *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (same); *In re Charming Charlie Holdings Inc.*, No. 17-12906 (CCS) (Bankr. D. Del. Dec. 13, 2017) (same).[1]

12.     Given the integrated nature of the Debtors' operations, and that each of the Debtors are liable for the Debtors' funded debt, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

**Notice**

14.     The Debtors have provided notice of this motion to the following parties or their respective counsel:  (a) the office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the

---

[1]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

KE 60186074
IMPAC 6315568v.1

administrative agent under the Debtors' prepetition asset-based revolving credit facility; (d) the administrative agent under the Debtors' prepetition first lien term loan facility; (e) the administrative agent under the Debtors' prepetition second lien term loan facility; (f) counsel to the Crossover Group; (g) counsel to the First Lien Group; (h) the administrative agent under the Debtors' proposed debtor in possession term loan financing facility; (i) the administrative agent under the Debtors' proposed debtor in possession asset-based revolving financing facility; (j) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors operate; (k) the office of the attorneys general for the states in which the Debtors operate; (l) the United States Attorney's Office for the District of Delaware; (m) the Internal Revenue Service; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

<u>**No Prior Request**</u>

15.    No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

KE 60186074
IMPAC 6315568v.1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  July 19, 2019
Wilmington, Delaware

/s/ *L. Katherine Good*

| | |
|---|---|
| Christopher M. Samis (DE 4909) | James H.M. Sprayregen, P.C. |
| L. Katherine Good (DE 5101) | Ross M. Kwasteniet, P.C. (*pro hac vice* pending) |
| **POTTER ANDERSON CORROON LLP** | Joseph M. Graham (*pro hac vice* pending) |
| 1313 North Market Street, 6th Floor | **KIRKLAND & ELLIS LLP** |
| P.O. Box 951 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Wilmington, Delaware 19801-6108 | 300 North LaSalle |
| Telephone:    (302) 984-6000 | Chicago, Illinois 60654 |
| Facsimile:    (302) 658-1192 | Telephone:    (312) 862-2000 |
| Email:    csamis@potteranderson.com | Facsimile:    (312) 862-2200 |
|        kgood@potteranderson.com | Email:    james.sprayregen@kirkland.com |
| | ross.kwasteniet@kirkland.com |
| *Proposed Counsel to the Debtors and Debtors* | joe.graham@kirkland.com |
| *in Possession* | |

- and -

Stephen E. Hessler, P.C. (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    stephen.hessler@kirkland.com

*Proposed Counsel to the Debtors and Debtors in*
*Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLACKHAWK MINING LLC, | Case No. 19-11595 (___) |
| Debtor. | |
| Tax I.D. No. 27-2885600 | |
| In re: | Chapter 11 |
| BLACKHAWK COAL SALES, LLC, | Case No. 19-11594 (___) |
| Debtor. | |
| Tax I.D. No. 47-4889456 | |
| In re: | Chapter 11 |
| BLACKHAWK LAND AND RESOURCES, LLC, | Case No. 19-11597 (___) |
| Debtor. | |
| Tax I.D. No. 47-4877839 | |
| In re: | Chapter 11 |
| BLACKHAWK RIVER LOGISTICS, LLC, | Case No. 19-11599 (___) |
| Debtor. | |
| Tax I.D. No. 47-4803388 | |
| In re: | Chapter 11 |
| BLUE CREEK MINING, LLC, | Case No. 19-11600 (___) |
| Debtor. | |
| Tax I.D. No. 47-4862427 | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLUE DIAMOND MINING, LLC, | ) | Case No. 19-11602 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 61-1743488 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EAGLE SHIELD, LLC, | ) | Case No. 19-11604 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-5036721 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FCDC COAL, INC., | ) | Case No. 19-11606 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0446188 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GUYANDOTTE MINING, LLC, | ) | Case No. 19-11608 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4814882 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAMPDEN COAL, LLC, | ) | Case No. 19-11610 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0838241 | ) | |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KANAWHA EAGLE MINING, LLC, | ) | Case No. 19-11612 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4710586 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LOGAN & KANAWHA, LLC, | ) | Case No. 19-11596 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 37-1763178 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PANTHER CREEK MINING, LLC, | ) | Case No. 19-11598 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4850627 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PINE BRANCH LAND, LLC, | ) | Case No. 19-11601 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-1679661 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PINE BRANCH MINING, LLC, | ) | Case No. 19-11603 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 38-3879681 | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PINE BRANCH RESOURCES, LLC, | ) | Case No. 19-11605 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-1619758 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REDHAWK MINING, LLC, | ) | Case No. 19-11607 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-3670852 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ROCKWELL MINING, LLC | ) | Case No. 19-11609 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4843874 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPRUCE PINE LAND COMPANY, | ) | Case No. 19-11611 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 61-6032254 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPURLOCK MINING, LLC, | ) | Case No. 19-11613 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3572899 | ) | |

4

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TRIAD MINING, LLC, | ) | Case No. 19-11614 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 38-3937713 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TRIAD TRUCKING, LLC, | ) | Case No. 19-11615 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 47-3556112 | ) |  |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

KE 60186074
IMPAC 6315568v.1

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth in this Order.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 19-11595 (___).

3.      The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKHAWK MINING LLC, *et al.*,[1] | ) | Case No. 19-11595 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Blackhawk Mining LLC (5600); Blackhawk Coal Sales, LLC (9456); Blackhawk Land and Resources, LLC (7839); Blackhawk River Logistics, LLC (3388); Blue Creek Mining, LLC (2427); Blue Diamond Mining, LLC (3488); Eagle Shield, LLC (6721); FCDC Coal, Inc. (6188); Guyandotte Mining, LLC (4882); Hampden Coal, LLC (8241); Kanawha Eagle Mining, LLC (0586); Logan & Kanawha, LLC (3178); Panther Creek Mining, LLC (0627); Pine Branch Land, LLC (9661); Pine Branch Mining, LLC (9681); Pine Branch Resources, LLC (9758); Redhawk Mining, LLC (0852); Rockwell Mining, LLC (3874); Spruce Pine Land Company (2254); Spurlock Mining, LLC (2899); Triad Mining, LLC (7713); and Triad Trucking, LLC (6112). The location of the Debtors' service address in these chapter 11 cases is 3228 Summit Square Place, Suite 180, Lexington, Kentucky 40509.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.     A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Blackhawk Mining LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Blackhawk Mining LLC, Case No. 19-11595 (___); Blackhawk Coal Sales, LLC, Case No. 19-11594 (___); Blackhawk Land and Resources, LLC, Case No. 19-11597 (___); Blackhawk River Logistics, LLC, Case No. 19-11599 (___); Blue Creek Mining, LLC, Case No. 19-11600 (___); Blue Diamond Mining, LLC, Case No. 19-11602 (___); Eagle Shield, Case No. 19-11604 (___); FCDC Coal, Inc., Case No. 19-11606 (___); Guyandotte Mining, LLC, Case No. 19-11608 (___); Hampden Coal, LLC, Case No. 19-11610 (___); Kanawha Eagle Mining, LLC, Case No. 19-11612 (___); Logan & Kanawha, LLC, Case No. 19-11596 (___); Panther Creek Mining, LLC, Case No. 19-11598 (___); Pine Branch Land, LLC, Case No. 19-11601 (___); Pine Branch Mining, LLC, Case No. 19-11603 (___); Pine Branch Resources, LLC, Case No. 19-11605 (___); Redhawk Mining, LLC, Case No. 19-11607 (___); Rockwell Mining, LLC, Case No. 19-11609 (___); Spruce Pine Land Company, Case No. 19-1611 (___); Spurlock Mining, LLC, Case No. 19-11613 (___); Triad Mining, LLC, Case No. 19-11614 (___); Triad Trucking, LLC, Case No. 19-11615 (___);. The docket in Case No. 19-11595 should be consulted for all matters affecting this case.

6.     The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

KE 60186074
IMPAC 6315568v.1

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
Wilmington, Delaware                                    _____
                                                       United States Bankruptcy Judge

8